IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WESLEY LUCIEN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04cv451 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| OFFICER HAGEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 54, the Motion to Dismiss filed by defendants-Barta, Gorrin and Brown, and filing no. 56, the Motion to Dismiss filed by defendants-Carol S. Mosley and Jennifer S. Wade ("Nurse Carol" and "Nurse Jennifer"). The plaintiff, Wesley Lucien Williams, an inmate at the Douglas County Correctional Center ("DCCC"), alleges that DCCC corrections officers assaulted the plaintiff, refused to obtain medical care for him, and wrongfully placed the plaintiff in administrative confinement. The plaintiff also alleges that the two nurses named as defendants in the complaint provided the plaintiff with insufficient medical care. The plaintiff has sued all defendants in their individual and official capacities (filing no. 17).

**Correctional Officers**

Defendants-Barta, Gorrin and Brown are corrections officers at DCCC. They seek dismissal of the complaint as to them for failure to state a claim on which relief may be granted, Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.)

The defendants' motion is supported by a brief more suitable for a summary judgment motion. They argue that the plaintiff has "not shown" deliberate indifference, more than negligence, or wanton infliction of pain. However, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). See also Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002), *citing*

Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993):

>Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts. In Leatherman we stated: "[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under §1983.  *Expressio unius est exclusio alterius*."

Thus, the court may dismiss only claim(s), if any, on which the plaintiff cannot prevail even if all facts he alleges are accepted as true.  Applying that strict standard, the plaintiff's claims against defendant-Gorrin will not be dismissed.

However, the plaintiff has alleged no wrongful conduct by defendants-Barta and Brown.  In fact, Barta and Brown apparently escorted the plaintiff to the medical department at DCCC when the plaintiff requested medical attention.  Therefore, filing no. 54 is granted to the following extent: If the plaintiff wishes to pursue his claims against Barta and Brown, he must file an Amended Complaint by the deadline set forth below stating his claims against Barta and Brown with greater specificity and delineating more precisely what wrongful acts Barta and Brown are alleged to have committed.

**Nurses**

The same deficiency exists as to Nurses Carol S. Mosley and Jennifer S. Wade. The complaint fails to allege any injury of constitutional magnitude inflicted by Nurse Carol or Nurse Jennifer.   Therefore, as with defendants-Barta and Brown, if the plaintiff wishes to pursue his claims against Nurses Carol S. Mosley and Jennifer S. Wade, he must file an Amended Complaint by the deadline set forth below describing his claims against those defendants with greater specificity and delineating more precisely what wrongful acts the nurses allegedly committed.

**Other Issues**

The corrections officers also allege that the plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA").  However, in his complaint and attached inmate request forms ("kites"), the plaintiff describes total disarray at DCCC with regard to the grievance process. A prisoner cannot be held to the PLRA's exhaustion requirement if prison officials prevent the inmate from exhausting administrative remedies.  Lyon v. Vande Krol, 305 F.3d 806, 808-09 (8th Cir. 2002); Foulk v. Charrier, 262 F.3d 687, 697-98 (8th Cir. 2001).   Accord Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) ("[A] remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a) ....") (alterations

in original).

The corrections officers in their individual capacity claim qualified immunity. However, the plaintiff specifically states in the complaint that he seeks injunctive relief, not damages. Qualified immunity does not apply to claims for injunctive or declaratory relief. See, e.g., Burnham v. Ianni, 119 F.3d 668, 673 n.7 (8th Cir. 1997) (qualified immunity implicates only claims for money damages).

Finally, the corrections officers in their official capacity contend that the plaintiff has failed to allege a custom or policy for which Douglas County could be liable. Construed liberally, however, the complaint alleges policies, customs and practices which enable wrongful conduct, such as the use of excessive force, and lack of accountability among corrections personnel to prevail at DCCC.

THEREFORE, IT IS ORDERED:

1.  That filing no. 54, the Motion to Dismiss filed by defendants-Barta, Gorrin and Brown, is granted in part and denied in part as follows: the motion is denied as to defendant-Gorrin; and the motion is granted as to defendants-Barta and Brown in that the complaint fails to state a claim on which relief may be granted against those defendants, but the plaintiff will have an opportunity to file an amended complaint;

2.  That filing no. 56, the Motion to Dismiss filed by defendants-Carol S. Mosley and Jennifer S. Wade, is granted in that the complaint fails to state a claim on which relief may be granted against those defendants, but the plaintiff will have an opportunity to file an amended complaint;

3.  That if the plaintiff wishes to pursue his claims against defendants-Barta, Brown, Mosley, and Wade, or any of them, he shall have until June 1, 2005 to file an Amended Complaint in which he shall describe the alleged wrongful conduct by those defendants with greater particularity; and

4.  That, in the absence of a sufficient Amended Complaint, defendants-Barta, Brown, Mosley, and Wade, or any of them, may file renewed motion(s) for dismissal.

DATED this 11th day of May, 2005.

BY THE COURT:

**s/ Joseph F. Bataillon**
Chief District Judge